# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

JESSE RAY DEMMON                    CIVIL ACTION NO. 15-1624-P

VERSUS                              JUDGE FOOTE

WARDEN CAIN                         MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Jesse Ray Demmon ("Petitioner), pursuant to 28 U.S.C. §2254.  The petition was received and filed in this court on May 4, 2015.  Petitioner is incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.  He challenges his state court convictions and sentences.  Petitioner names Warden Nathiel Cain as respondent.

On September 29, 2003, Petitioner pleaded guilty to one count of second degree cruelty to a juvenile and one count of aggravated sexual battery in Louisiana's Twenty-Sixth Judicial District Court, Parish of Webster.  On May 3, 2004, he was sentenced to 40 years imprisonment at hard labor as to the second degree cruelty conviction and 15 years imprisonment at hard labor as to the aggravated sexual battery conviction.  The trial court ordered said sentences to run consecutively.

In support of this petition, Petitioner alleges (1) his guilty pleas are invalid because there was no factual basis for the pleas; (2) his due process rights were denied because the court refused to allow him to withdraw his guilty pleas; (3) he received ineffective assistance of counsel; and (4) his guilty pleas are invalid because there was no evidence or proof beyond a reasonable doubt.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of four possible dates, as follows[1]:

1.    the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2.    the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

---

[1]   The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

3.      the date that "the constitutional right asserted was initially recognized by the

Supreme Court," if it is newly recognized and made retroactively applicable;

or

4.      the date "the factual predicate of the claim . . . presented could have been

discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on September 29, 2003 and sentenced on May 3, 2004.  The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on April 6, 2005.  State v. Demmon, 2004-39333 (La. App. 2 Cir. 4/6/05), 897 So.2d 917.  The Supreme Court of Louisiana denied writs of review on December 16, 2005.  State v. Demmon, 2005-1206, 917 So.2d 1105 (La. 12/16/05).  In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Therefore, Petitioner's one-year period commenced 90 days after December 16, 2005 on March 16, 2006.

The federal petition currently before the court was filed in this court on May 4, 2015, mailed by Petitioner on April 29, 2015, and signed by Petitioner on January 2, 2015.  Since the federal clock began ticking on March 16, 2006 at the latest, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before March 16, 2007.  This petition was not filed until January 2015, more than seven years too late.

Petitioner argues that the federal one-year limitation period should be equitably tolled. The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998).  Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the Court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate."  Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).  As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable."  Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted).  Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  Coleman v. Johnson, 184 F.3d 398, 402 (5th

Cir.1999) (citation omitted).  As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

Petitioner argues that the federal one year limitation period should be equitably tolled because after he was convicted and sentenced, he claims he had no transcript or court documents.  He claims he was immediately transferred to other correctional facilities.  He claims he was unable to employ or contact counsel to pursue his post-conviction relief remedies.  He claims he has been isolated from other inmates because he is a sex offender. He claims he was ignorant of the law regarding habeas corpus relief and had no access to legal assistance.

The court finds these arguments for equitable tolling do not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitations.  The fact that Petitioner is proceeding pro se and was unaware of the law in this matter because he was unskilled and because of inadequate legal assistance are not "rare and exceptional" circumstances.  See United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993); Felder v. Johnson, 204 F.3d 168, 172-173 (5th Cir.), cert. denied, 121 S.Ct. 622 (2000); Scott V. Johnson, 227 F.3d 260, (5th Cir 2000).

Furthermore, Petitioner does not claim that he was unaware of the state court time limitations to file an application for post-conviction relief.  In fact, he admits that he was advised by his lawyer and the court regarding the time limitations for filing an application for post-conviction relief [Doc. 1, pp. 17 and 30].  He also admits that his attorney advised him to borrow the trial record from the court [Doc. 1, p. 108].  Thus, equitable tolling does

not apply in this matter and this case is time barred.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DENIED AND DISMISSED WITH PREJUDICE**, <u>sua</u> <u>sponte</u>, because it is time barred by the one-year limitation period imposed by the AEDPA.  See <u>Kiser v. Johnson</u>, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding

under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate

of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing

Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or

deny a certificate of appealability when it enters a final order adverse to the applicant. A

certificate may issue only if the applicant has made a substantial showing of the denial of a

constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the

date of this Report and Recommendation, file a memorandum that sets forth arguments on

whether a certificate of appealability should issue.

        **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 4th day

of August, 2015.

Mark L. Hornsby
U.S. Magistrate Judge